# STATE SUPREME COURT
## NEW CASES, PROCEEDINGS AND DECISIONS

# SYLLABI

### No. 766

### HOCKING VALLEY RY. AND THREE OTHERS v. P. U. C.

Ohio Supreme Court.

No. 20720. Decided Oct. 26, 1927.

991. RAILROADS—565. Freight—949. Presumption—that movements of freight between various points, in respect to expense of operation, are normal and ordinary.

1265. WEIGHT OF EVIDENCE—Expert (1273) Witnesses' expression of judgment does not outweigh established, concrete facts inconsistent therewith.

ROBINSON, J.

1. Where, in an application to have a freight rate revised, it is shown that the operating conditions of the movement of freight under such rate is normal and ordinary and a comparison of such rate with freight rates on the movement of the same kind of freight between a considerable number of points in the same general territory is made, a presumption will arise, in the absence of proof to the contrary, that the movements of freight between the various points of comparison, in respect to expense of operation, are normal and ordinary.

2. The mere expression of judgment by witnesses testifying as experts that freight rates are unreasonable, does not have such probative value as to outweigh established, concrete facts inconsistent with such expression.

Order affirmed.

(Marshall, CJ., Day, Allen, Kinkade and Matthias, JJ., concur. Jones, J. not participating.)

### No. 767

### MIAMI VALLEY TRANSIT CORP. v. P. U. C.

Ohio Supreme Court.

No. 20459. Decided Oct. 26, 1927.

793. MOTOR VEHICLES—Causes for which Public Utilities Commission may revoke certificate of motor bus operator, under 614-87 GC.

ALLEN, J.

Where a motor-bus operator either operates equipment which he is not authorized under his certificate to operate, or fails to pay into the treasury of .the State of Ohio the tax required by Section 614-94, General Code, upon the equipment which he is actually operating, or abandons operation over a portion of his certificated route without approval of such abandonment by the Public Utilities Commission as required by law, good cause for revocation of the certificate is thereby established under Section 614-87, General Code.

Order reversed.

(Marshall, CJ., Day, Kinkade, Robinson and Matthias, JJ., concur. Jones, J., not participating.)